IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAVAIR DHONEYELLE GLADDEN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 1:17CV118<br>1:15CR249-1 |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action submitted a Motion (Docket Entry 23) to vacate, set aside, or correct his sentence. Rule 4(b), Rules Governing Section 2255 Proceedings, states:

> If it plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Petitioner lists a single ground for relief in his Motion, which is that he should not have been sentenced as a career offender under the United States Sentencing Guidelines. To the extent Petitioner claims the sentencing judge erroneously interpreted or applied the Guidelines at sentencing, that claim is generally not cognizable in a § 2255 Motion. United States v. Foote, 784 F.3d 931, 943 (4th Cir. 2015), cert. denied, ___ U.S. ___, 135 S. Ct. 2850 (2015). Although this alone would support dismissal of his claim, Petitioner is also incorrect. Petitioner appears to argue that convictions under 21 U.S.C. § 841(a) cannot be used as predicate offenses for purposes of the career offender enhancement found in USSG § 4B1.1. However, this is not an issue at all in his case because the Presentence Report

(Docket Entry 19) reveals that the predicate offenses supporting that enhancement in Petitioner's case were state court drug convictions, not prior federal convictions under § 841(a).

Petitioner may also be arguing that his conviction under § 841(a)(1) and (b)(1)(C) is not itself a "controlled substance offense" to which § 4B1.1 applies. If so, this is also incorrect. The term "controlled substance offense" is defined in USSG § 4B1.2 as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." Petitioner was convicted of distributing cocaine base, a controlled substance, in violation of §841(a)(1) and (b)(1)(C). Subsection 841 (b)(1)(C) explicitly states the penalty for the crime is a term of imprisonment of not more than twenty years. In fact, Petitioner received a ten-year sentence. Therefore, Petitioner was convicted of an offense under federal law that carried a maximum penalty of more than a year of imprisonment and prohibited the distribution of a controlled substance. No matter how construed, the claim raised in Petitioner's § 2255 Motion fails on its face and the Motion should be dismissed.

In light of this recommended dismissal pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings, the United States need not respond. The Clerk will notify Petitioner of this Recommendation, his right to file objections, and any ultimate dismissal and entry of judgment.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion (Docket Entry 23) to vacate, set aside or correct sentence be denied and that judgment be entered dismissing the action.

This, the 15th day of February, 2017.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge